DANIEL WOODIN, ADMINISTRATOR OF THE ESTATE OF ALBERT
STALEY v. SARAH M. DURFEE.

*Appeal bond—Fraudulent execution—Sureties—Setting aside verdict.*

Where an appeal bond names certain persons as sureties, it must be
assumed that each one contemplates that the rest will join in its
execution; and one who sues on the bond has the burden of explain-
ing the omission of any one to do so. And if any surety denies its
execution on oath and testifies that his supposed signature is a for-
gery, and the justification of the sureties a fraud, the plaintiff is
under stronger obligation to show that defendant signed and deliv-
ered the bond with full knowledge of the facts.

In an action on a bond evidence tending to show that its execution is
fraudulent is for the jury, especially if the fact is not conceded or
beyond dispute.

A trial judge cannot deprive the jury of its right of judgment even
though the evidence submitted is positive and in part uncontradicted.
But if the jury returns a perverse verdict he may set it aside, and
order a new trial.

Error to St. Clair. Submitted June 22. Decided June 29.

APPEAL from the allowance of a claim by commissioners
on the estate. The administrator brings error. Reversed.

*W. F. Atkinson & Vance* for plaintiff in error. Where
a claim against an estate is founded upon decedent's bond,
it is improper to put the bond in evidence until proof is
made of decedent's signature: *Comstock v. Smith* 26 Mich.
315.

*Crocker & Hutchins* for defendant in error. If a surety
on a bond treats it as completed when he signs it and puts
it in the way to give it efficacy he is estopped from denying
its execution and validity and his liability upon it: *McCor-
mick v. Bay City* 23 Mich. 457; *State v. Peck* 53 Me. 284;
*State v. Pepper* 31 Ind. 76; *Millett v. Parker* 2 Met. (Ky.)
608; *Dair v. United States* 16 Wal. 1; *Brown v. Probate
Judge* 42 Mich. 501; it is for the jury to determine whether

the evidence fairly tends to establish facts essential to admitting the bond in evidence: *Ortmann v. Merchants' Bank* 41 Mich. 482.

COOLEY, J. In the circuit court the judge directed the jury to return a verdict for the plaintiff; and the writ of error raises the question whether he could rightfully do this on the case as it stood.

The respondent in the circuit court was the estate of Albert Staley. The claimant was Sarah M. Durfee, as administratrix on the estate of James F. Durfee, deceased. The claim was made upon a bond, which, with the justification of sureties and approval of the probate judge, is given in the margin.* No question is made that the jurisdictional

---

*State of Michigan, County of Macomb,—ss.:*

In probate court for said county.

IN THE MATTER OF THE ESTATE OF JAMES S. DURFEE, DECEASED.

Know all men by these presents, that we, Gardner M. Durfee, as principal, and Albert Staley, and Solomon Kittridge, and Hiram Savage, as sureties, are held and firmly bound unto Sarah Durfee, administratrix of the estate of James S. Durfee, late of said county, deceased, in the sum of four hundred dollars, lawful money of the United States of America, to be paid to the said Sarah Durfee, administratrix of the estate of said James S. Durfee, deceased, or to her certain attorney, heirs, executors or assigns, well and truly to be made, we bind ourselves, our heirs, executors and administrators, each and every of them, firmly by these presents.

Sealed with our seals, and dated the 27th day of Oct., A. D. 1877.

The condition of this obligation is such, that whereas, the said Gardner M. Durfee has made and filed his appeal to the circuit court for the county of Macomb, and State of Michigan, from the order and decree made by the judge of probate, for said county, on the 29th day of November, 1876, and recorded in the probate office of said county, on the same day, admitting to probate one certain instrument, dated the 5th day of September, 1868, one codicil dated the 5th day of September, 1868, and one codicil dated the 16th day of September, 1874, and purporting to have been executed by said deceased, in his life-time, and for the last will and testament of said deceased, and from the decree and order of the judge of probate for said county, made the 8th day of January, 1877, admitting said will, and granting letters of administration of the estate of said deceased, with a copy of said will annexed, to Sarah Durfee, widow of said deceased, as appears by the orders and decrees, of record in said court.

Now, then, if the said Gardner M. Durfee, appellant, shall diligently prosecute said appeal, and shall pay all damages and costs that shall be

facts essential to the giving of a valid bond existed, but it was denied that the bond in controversy was ever so executed as to make it a binding obligation of Staley.

It will be observed that Solomon Kittridge is named in the bond as one of the sureties, but he does not sign it. It must be assumed that the other sureties when they signed contemplated that he would join in the execution; and the absence of his name makes it incumbent upon the claimant to give some explanation before she can be in position to demand judgment against Staley and Savage. *Johnston v. Kimball* 39 Mich. 187; *Hall v. Parker* id. 287. But Savage denied under oath the execution of the bond by himself, and gave strong evidence tending to show that his alleged signature was a forgery and the pretended justification a fraud. This showing added to the necessity that the claimant should give such evidence as should affirmatively establish the fact that Staley signed and delivered the bond with full knowledge of all the facts.

The claimant undertook to give such evidence, and we take from the brief of her counsel a statement of what is supposed to have been shown.

---

awarded against him in case he shall fail to obtain a reversal of said decree and orders so appealed from, the preceding obligation to be void and of no effect; otherwise to remain in full force and virtue.

| | |
|---|---|
| GARDNER M. DURFEE. | [Seal.] |
| ALBERT STALEY. | [Seal.] |
| HIRAM SAVAGE. | [Seal.] |

In presence of ABRAM MAXSON.

*State of Michigan, County of St. Clair,—ss.:*

On this 27th day of October, 1877, before me, a justice of the peace in and for said county, personally came Albert Staley and Hiram Savage, the sureties named in and who executed the foregoing bond, and being by me duly sworn depose and, each one for himself, says that he is the owner, individually, of real and personal estate of the value of four hundred dollars and over, situate in the county of St. Clair, and State aforesaid, over and above all debts and liabilities they are respectively liable for and over and above all exemptions they are entitled to claim under the laws of said State. MOSES HART,
Justice of the Peace of said county.

*County of Macomb,—ss.:*

At a session of the probate court for the county of Macomb, holden at the probate office on Tuesday, the 30th day of October, 1877, I have approved of the foregoing bond, and order the same to be filed in the records of this court. JAMES B. ELDRIDGE,
Judge of Probate.

The bond was drawn by R. P. Eldridge, who was attorney for Gardner M. Durfee in the probate appeal. Durfee signed it Saturday evening, October 27, 1877. The next day it was taken to Staley's house and signed by him. In the subsequent proceedings Staley appears as the actor. Kittridge was at Staley's house that forenoon, but refused to sign the bond. Staley sent for Savage, and Savage signed it, on being assured by Staley that the bond was bad and that he would protect Savage against all harm. Staley afterwards got Abram Maxon to sign the bond as a witness, and then went without being accompanied by Savage to the house of Hart, the justice, and induced him to sign the certificate of justification. The next day the bond was sent to the county seat and delivered to the judge of probate.

The most of these facts the claimant insists are entirely undisputed on the evidence; and she claims that they establish beyond question the liability of Staley on the bond, and that the judge was at liberty to so instruct the jury. But the difficulty is that the facts were not conceded or beyond dispute: there was evidence of them which probably ought to have satisfied any one to whom it was addressed; but evidence is for the jury, and the trial judge cannot draw conclusions for them. It is said that on some points there was no evidence of a conflicting nature; but that does not aid the claimant. A jury may disbelieve the most positive evidence, even when it stands uncontradicted; and the judge cannot take from them their right of judgment. If they return what he thinks is a perverse verdict, he may set it aside and order a new trial; but he cannot take upon himself their functions as was done here.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.