ROYAL EASY CHAIR CO. *v.* VALLEY CITY MACHINE WORKS.

1. SALES—BREACH OF WARRANTY—BURDEN OF PROOF.
   In an action for damages for breach of warranty in the sale of a special machine, the burden of proof is upon plaintiff.

2. APPEAL AND ERROR — QUESTIONS OPEN FOR REVIEW IN CASE TRIED WITHOUT JURY.
   In reviewing a case tried before the court without a jury, under 3 Comp. Laws 1915, § 12587, the question as to whether or not the findings of the trial court are against the clear weight of the evidence is open, as also the question as to whether or not there is any evidence to support said findings.

3. SAME—FINDINGS. OF COURT SUPPORTED BY TESTIMONY.
   In an action for damages for breach of warranty in the sale of a special machine, tried before the court without a jury, the ultimate findings of the trial court in favor

[1]Sales, 35 Cyc. p. 457; [2]Appeal and Error, 4 C. J. §§ 2854, 2857; [3]Id., 4 C. J. § 2857; Sales, 35 Cyc. p. 465; [4]Id., 35 Cyc. p. 485 (Anno).

of defendant, *held*, supported by sufficient testimony, and the conclusion of the trial court that plaintiff had failed to sustain the burden of proof is not against the clear weight of the evidence.

4. SALES—BREACH OF WARRANTY—COUNTERCLAIM.

Where plaintiff failed to show a breach of warranty in the sale of a special machine, as alleged, defendant's proof as to its counterclaim for the balance yet due on the contract price was practically undisputed, justifying a judgment in its favor for same.

Error to superior court of Grand Rapids; Verdier (Leonard D.), J. Submitted October 13, 1926. (Docket No. 93.) Decided April 1, 1927.

Assumpsit by the Royal Easy Chair Company against the Valley City Machine Works and another for breach of warranty in the sale of machinery. Judgment for defendants. Plaintiff brings error. Affirmed.

*Norris, McPherson, Harrington & Waer* and *Verne G. Cawley,* for appellant.

*Knappen, Uhl & Bryant,* for appellees.

STEERE, J. This is an action to recover damages in the sum of $10,000 for breach of warranty in the sale to plaintiff by defendants of a special semi-automatic woodworking machine manufactured and sold for the purpose of cutting and boring certain chair parts, said machine to turn out complete 250 sets of six chair parts each nine hours. The total purchase price of the machine, including a small amount of extras, was $13,201.78, on account of which plaintiff paid defendants the sum of $10,379.38. Defendants pleaded acceptance of the machine by plaintiff, denied any breach of warranty and asked a judgment in their favor against plaintiff for the unpaid balance of the purchase price. From a judgment in favor

of defendants in the sum of $3,371.98, together with costs, the plaintiff brings the case to this court by writ of error.

The case was tried before the court without a jury. At the request of plaintiff the court made written findings of fact and conclusions of law. Proposed amendments to the findings were filed and on April 3, 1925, the court filed amended findings of fact and conclusions of law, which upon the controlling facts found and conclusions of the court are as follows:

"The machine was finally shipped to the plaintiff on or about the 8th day of February, 1921. It was then set up and assembled in plaintiff's factory and tested under actual working conditions. It then developed that there were certain defects in one or more stations which had to be remedied. These changes were made and the machine apparently was ready for operation in the early part of July, 1921, at which time it was tried out by agents of the plaintiff and appeared to be working satisfactorily. Plaintiff paid defendant from time to time in accordance with the contract, upon invoices sent by the defendant as the design and construction of the machine progressed, the total amount of such payment between March 3d and September 11, 1920, being $6,879.38, and on February 23, 1921, after the arrival of the machine in Sturgis, plaintiff paid defendant an additional sum of $3,500 on account; leaving a balance of the total contract price then unpaid of $2,822.40. After February 23, 1921, plaintiff made no further payments on the contract price and paid no attention to defendant's request for further payments. Plaintiff apparently did not attempt to operate the machine after the changes upon it had been completed in July, 1921, until October 12, 1921. On October 13, 1921, plaintiff wrote to the defendant a letter which seems to account in part at least for plaintiff's attitude in this case. In this letter, among other things, plaintiff said:

"'For the first time since we received the large automatic machine have we enough business to warrant us in using it. Our Mr. Luedders started up the machine yesterday and ran

it empty a few minutes to see how it was operating and found the stations out of time and so did not try to run any stock through the machine. We would like to get the machine in operation as soon as possible as it has not been used since your man was here. · I have instructions that so soon as the machine is proved up on all operations to pay your bill, and as my brother has been home sick for some time I feel I cannot pass on your bill until the machine has run some stock on each operation.'

"Soon thereafter, defendant sent one of its employees to plaintiff's factory to adjust said machine so that it would operate properly. After making the adjustment and testing out the machine, it was left apparently in good working order. Under plaintiff's operation of the machine, it again became out of order and again a man was sent down by defendant to put it in shape with the same result that after a similar adjustment, the machine was made to operate properly. This incident was repeated several times but each time that the machine was left in running order it soon became out of order under the plaintiff's operation. Each time that defendant's agents made adjustments of the machine it was run in the presence of plaintiff's agents to see whether or not it was operating properly, and work was actually turned out on the machine in the presence of plaintiff's agents upon every occasion when it was so tested.

"Plaintiff claims that by the terms of the contract, defendant warranted that the machine would cut off, bore and mortise chair parts as per certain samples and turn out complete 250 sets of 6 chair parts during each 9 hours; and that it is entitled to recover from defendant all of the payments made to defendant, amounting to the sum of $10,379.38 for the designing and construction of the machine by reason of a breach of this warranty, a breach so serious as plaintiff claims, that the machine is absolutely worthless.

"Defendant claims, on the other hand, that the machine does comply with the requirements of the warranty and that under test it has demonstrated that it can and does perform the operations required. The defendant also claims a set-off and recoupment of $2,822.40, the same being balance due for materials and cost of constructing machine.

"After hearing all of the witnesses in the case, I am satisfied that the plaintiff has failed to establish by a preponderance of the evidence that this machine does not comply with the warranty under which it makes its claim. The witnesses for the plaintiff claim that under the tests made the machine has failed to do the work required, while the witnesses for the defendant strenuously claim the opposite. Although the tests made of this machine at plaintiff's factory after the defendant claimed it was in working order were purposely made in the presence of agents of both parties, in order to determine whether or not the machine would and did perform the work required, it it a strange circumstance that agents of the plaintiff who saw these demonstrations testify that they neither said to defendant's agents that the machine did work or that it did not work satisfactorily. If it did not work satisfactorily, it would have been only the natural thing for them to have so stated; and their testimony that they did not do so is one of the things that leads me to believe that these tests proved the working of the machine according to requirements.

"Certain questions of law have also been raised in connection with this case, by defendant, but in view of the finding of fact that the alleged warranty in this case has not been breached, it is unnecessary either to discuss or to pass upon the questions of law thus raised.

"From the above findings of facts it follows as a matter of course that judgment should be rendered against the plaintiff and in favor of the defendant in the sum of $2,822.40 together with interest at the rate of 5% per annum from and after February 23, 1921, the date of the last payment made by plaintiff, making a total of $3,371.98 at the date hereof. Defendant should also recover the costs to be taxed."

The errors relied upon, as stated in appellant's brief, are:

"(1) Refusal to find that under the undisputed testimony there was a breach of the express warranty that the machine in question would be capable of turning out complete 250 sets of six chair parts each every

nine hours, and of the implied warranty that the machine would be reasonably fit for the particular purpose for which it was required.

"(2) Refusal to find the amount of damages resulting from such breach of warranty and refusal to render a judgment in favor of plaintiff therefor.

"(3) Rendering a judgment for defendants for the full balance of the contracted purchase price of the machine with costs."

If the trial court's disposition of the first of these propositions is well founded, it disposes of the others. As we read this record, the testimony that there was a breach of the express warranty charged by plaintiff was not undisputed, but on the contrary a clear issue of fact was raised upon that point by the conflicting testimony with the burden of proof resting upon plaintiff.

Prior to the adoption of the judicature act in 1915 it was well settled that the only question for review in a case tried before the court without a jury was whether or not there was any testimony to support the court's controlling findings of fact. By 3 Comp. Laws 1915, § 12587, the question is also open as to whether or not the findings are against the clear weight of evidence. *In re Cutter's Estate*, 194 Mich. 34; *Crampton* v. *Crampton*, 205 Mich. 233.

A large amount of both written and oral evidence was taken; many witnesses sworn and many exhibits introduced. While excerpts from the evidence could be cited elaborating the facts in the court's findings and to sustain or refute them, as claimed by counsel, it would profit no one to quote from or further review at length this testimony. We find that there is sufficient testimony in the record to support the court's ultimate findings, and are not satisfied his conclusion that plaintiff had failed to sustain the burden of proof was against the clear weight of evidence. Plaintiff having under the findings of the court failed to show

a breach of warranty as alleged, defendant's proof as to balance yet due on the contract price of the machine was practically undisputed.

The judgment is affirmed, with costs to appellees.

SHARPE, C. J., and BIRD, SNOW, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.