### DRYSDALE v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

TRIAL —SUMMARY JUDGMENT —AUTOMOBILES—INSURANCE —"NEWLY ACQUIRED AUTOMOBILE" CLAUSE.

> Granting of summary judgment for defendant insurer in action based on provision in policy of automobile insurance that "newly acquired automobile" would be automatically insured if all other autos owned by insured were insured by company at the time was error where, despite assertions of parties that no genuine issue of material fact existed, their pleadings disclosed as an issue of fact the question whether 1952 Packard which was not insured by defendant and which was on blocks and inoperative on date plaintiff took delivery of another automobile, was an "automobile" for purposes of "newly acquired automobile" clause (GCR 1963, 117.2[3]).

Appeal from Wayne, Kaufman (Charles), J. Submitted Division 1 January 11, 1968, at Detroit. (Docket No. 3,561.)  Decided August 27, 1968.

REFERENCE FOR POINTS IN HEADNOTE
41 Am Jur, Pleading § 340 *et seq.*

Complaint by Walter L. Drysdale against State Farm Mutual Automobile Insurance Company, a foreign corporation, for a declaratory judgment as to rights and duties of parties under contract for automobile insurance. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Metry, Metry, Sanom, Ashare & Goldman,* for plaintiff.

*Eggenberger & Eggenberger,* for defendant.

T. G. KAVANAGH, P. J. Plaintiff appeals a summary judgment granted the defendant in the Wayne county circuit court on March 17, 1967. The plaintiff owned a 1960 Ford that was insured with the defendant. The policy contained a clause whereby any newly acquired automobile of the insured was automatically insured for 30 days from the date of its acquisition, provided that the insurance company insured all automobiles owned by the insured or his spouse at the time of delivery of such newly acquired automobile. Plaintiff's wife, in December, 1964, purchased a 1952 Packard which was driven 4 times and was later put on blocks in the family's backyard. In October, 1965, plaintiff purchased a 1955 Studebaker which was involved in an accident within 30 days after its acquisition. Plaintiff contends that the Studebaker is covered under the "newly acquired automobile" clause. Defendant contends that the "newly acquired automobile" clause is inoperative because the plaintiff owned a 1952 Packard which was not insured with the defendant at the time the Studebaker was delivered.

At the time of the acquisition of the Studebaker the Packard had been on blocks for 10 months, had 4

flat tires, was unlicensed and was missing essential parts from the engine and body.

Before trial both parties moved for summary judgment under GCR 1963, 117.2(3) asserting there was no issue of material fact. Summary judgment was granted for the defendant.

The policy contained the following definition:

"Automobile—means a 4 wheel land motor vehicle designed for use principally upon public roads, but 'automobile' shall not include a midget automobile, nor any vehicle while located for use as a residence or premises."

Despite the assertion by both parties that no genuine issue of material fact existed, it is clear from a reading of plaintiff's pleadings that he was asserting that the 1952 Packard had ceased to be an automobile *in fact* at the time the Studebaker was acquired, and hence the Studebaker was the "newly acquired automobile" under the terms of the policy. Defendant's assertion that the Packard remained an automobile raised the controlling issue of fact which required determination, an issue we do not deem foreclosed as a matter of law by the definition of "automobile" contained in the policy.

The trial court based his ruling on the fact that at the time it was *acquired* the Packard was an automobile.

The fact that the Packard was at one time "a newly acquired automobile" is not dispositive of plaintiff's asserted claim that the Studebaker was such on the day the Studebaker was delivered, for plaintiff's claim could be disposed of only on determination of the Packard's status on such later day.

Accordingly this cause must be remanded for a determination of the status of the Packard on the day the Studebaker was acquired.

We express no opinion on the adequacy of the record to support disposition of this factual issue.

Reversed and remanded. Appellant may tax costs.

BEER and LEVIN, JJ., concurred.