MARTINO v. KENTROS

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—AUTOMOBILES—INTER-
SECTIONAL COLLISION—EVIDENCE—QUESTION FOR JURY.

Plaintiff motorist's testimony, in an action to recover for injuries sustained during an automobile collision, that upon approaching an intersection he did not see any moving vehicles, that he observed defendant's car about 200 feet away on a cross street, that defendant's car did not look as if it were in motion, and that defendant's car covered the distance to the point of impact much quicker than plaintiff could reasonably expect a lawfully driven vehicle to do, could lead a jury to conclude that plaintiff was free from contributory negligence; hence, summary judgment for defendant on the grounds of contributory negligence was erroneous.

2. AUTOMOBILES—COLLISION—SPEED—EVIDENCE.

An inference of excessive speed on defendant's part was permissible, despite the deposition testimony of the investigating police officer regarding defendant's speed and defendant's contention that plaintiff should have seen defendant's approaching car where the claims regarding defendant's speed were based

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 735, 1013.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 1002.
[3] 53 Am Jur, Trial § 592 et seq.

solely on defendant's statements to that officer and a jury, if the case had gone to trial, could have disbelieved defendant, an interested witness, had he so testified.

3. JUDGMENT—SUMMARY JUDGMENT—FACTUAL QUESTIONS.
   A summary judgment is inappropriately granted where material questions of fact remain unresolved on the motion for summary judgment.

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 February 3, 1970, at Detroit. (Docket No. 6,424.) Decided February 26, 1970. Rehearing denied May 12, 1970.

Complaint by Paul S. Martino against Dimitri T. Kentros to recover for injuries sustained during an automobile collision. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Ripple, Chambers & DeWitt* (*Donnelly W. Hadden,* of counsel), for plaintiff.

*Hess, Hibbs & Cahill* (*George R. Lewis,* of counsel), for defendant.

Before: LEVIN, P. J., and J. H. GILLIS and BRONSON, JJ.

J. H. GILLIS, J. On the afternoon of March 1, 1965, an automobile collision occurred at the intersection of Brookdale and Ascot streets in the township of Waterford, Michigan. Plaintiff was traveling west on Brookdale and defendant was southbound on Ascot. No traffic controls or signal lights governed the intersection. At the intersection, the streets were flat and straight; each was approximately 30 feet wide. The weather was clear.

Plaintiff sued for injuries sustained in the collision, alleging defendant's negligence. Defendant

answered, denying negligence and raising the affirmative defense of plaintiff's contributory negligence. During the pendency of suit, defendant took plaintiff's discovery deposition. The defendant also deposed James Webb, a Waterford township police officer, who had investigated the collision and prepared an accident report. Thereafter, defendant moved for summary judgment on the ground that plaintiff's deposition disclosed that there was no genuine issue as to any material fact. GCR 1963, 117.2(3). It was defendant's position that plaintiff's deposition showed him to be contributorily negligent as a matter of law. Defendant's motion was granted and plaintiff appeals.

Plaintiff's deposition testimony, viewed in the light most favorable to him, reveals that as he approached the intersection he was traveling at approximately 10 miles per hour. Plaintiff explained that he was traveling slowly because he was unfamiliar with the area and "coming to an intersection * * * if I don't see no sign there, I always go slow to make sure there is no traffic." Plaintiff observed that the intersection was ungoverned by traffic controls; he looked to his left and to his right, saw no moving vehicles, and then entered the intersection. After entering the intersection, plaintiff again looked to his right. His view was unobstructed. Plaintiff testified:

"Well, as I pulled into the intersection, there was a car parked on the left-hand—no, it would be on the west side of Ascot, back a couple hundred feet. Now, the car was not in motion, at least, it didn't look like it was moving. It was parked there. I didn't notice any driver or nothing and then I proceeded on. And that's the only vehicle that I saw and it was parked there."

When struck by defendant's car, plaintiff's car was "just about out of the intersection." Damage was to the right rear side of plaintiff's car. After the accident, plaintiff noticed that the car he had seen parked on Ascot street was no longer there.

On such a record, we fail to see how it can be said that plaintiff was contributorily negligent as a matter of law. A jury could properly conclude from plaintiff's deposition testimony (1) that plaintiff, upon approaching the intersection, saw no moving vehicles; (2) that he observed defendant's car approximately 200 feet to his right on Ascot street; (3) that defendant's car, when observed, was parked or moving slowly; and (4) that thereafter defendant covered the distance to the point of impact more quickly than plaintiff was entitled reasonably to expect any lawfully driven vehicle to reach that point. In light of such conclusions, a jury could find plaintiff free from contributory negligence. *Todd* v. *Simonis* (1963), 370 Mich 342; *Ingram* v. *Henry* (1964), 373 Mich 453.

Defendant, however, contends that in this case, unlike *Todd* and *Ingram,* any inference of excessive speed on his part is impermissible. We are referred to the deposition testimony of officer Webb, who testified that at the time of the accident defendant was traveling 18 miles per hour. Defendant also contends that, since he was traveling slowly, plaintiff "failed to see what was plainly there to be seen"— namely, defendant's car closely approaching the intersection. It suffices to say that both these claims are based solely upon defendant's statement to officer Webb at the scene that he was traveling at 18 miles per hour. Even if defendant, an interested witness, so testified at trial, the jury could disbelieve him. See 5 Callaghan's Michigan Pleading & Practice, § 37.205, pp 557, 558; MCLA § 600.2158 (Stat

Ann 1962 Rev § 27A.2158) ; *Durant* v. *Stahlin* (1964), 374 Mich 82.

We conclude that material questions of fact regarding the speed and course of the vehicles involved remained unresolved upon defendant's motion. Summary judgment was therefore inappropriately granted.

Reversed and remanded for trial. Costs to plaintiff-appellant.

All concurred.