UNIROYAL, INC., *v*. KEN BROWN LEASING CORPORATION

1. Automobiles—Motor Vehicles—Words and Phrases—Tires.
   A motor vehicle consists of an assembly of all of its component parts, including tires.

References for Points in Headnotes
[1] 7 Am Jur 2d, Automobiles and Highway Traffic § 1.
[2–4] 7 Am Jur 2d, Automobiles and Highway Traffic § 29 *et seq.*
[5] 53 Am Jur, Trover and Conversion § 176.

2. SALES—AUTOMOBILES—MOTOR VEHICLES—PASSAGE OF TITLE—
TITLE TO TIRES.

   The ownership of tires on a motor vehicle passes, in an ordinary
   sale of the vehicle, to the purchaser of the vehicle at the
   moment the title to the vehicle passes to the purchaser.

3. CONVERSION—AUTOMOBILES—CONVERSION OF TIRES—NOTICE.

   Defendant purchaser of motor vehicles was not liable, as a matter
   of law, for the conversion of the tires on the vehicles by
   refusing a request, made after purchase, to deliver those tires
   to the plaintiff who owned the tires where the plaintiff did
   not establish that the defendant had actual notice of the plain-
   tiff's interest in the tires.

4. AUTOMOBILES—MOTOR VEHICLES—TIRES—TITLE TO TIRES—NOTICE
—SALES AGREEMENT.

   Failure of a sales agreement covering motor vehicles to state
   that the sale included the tires on the vehicles was not evi-
   dence that the defendant purchaser had actual notice that one
   other than the seller owned the tires at the time of purchase,
   because a vehicle consists of all of its component parts, in-
   cluding tires, and separation of the title to tires from the
   title to the vehicle is not an ordinary circumstance about
   which a purchaser would normally inquire.

5. CONVERSION—INTEREST IN PROPERTY—NOTICE—BURDEN OF PROOF.

   The party in a conversion action asserting that another had
   notice of his interest in the disputed property has the burden
   of proof.

Appeal from Wayne, James Montante, J. Sub-
mitted Division 1 May 6, 1971, at Detroit. (Docket
No. 10404.) Decided October 26, 1971. Leave to
appeal denied, 387 Mich 771.

Complaint by Uniroyal, Inc., against Ken Brown
Leasing Corporation for conversion. Judgment for
plaintiff. Defendant appeals. Reversed.

*Kenney, Kenney, Chapman & Prather,* for plain-
tiff.

*John R. Hocking,* for defendant.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and T. M. BURNS, JJ.

T. M. BURNS, J. This is an appeal as of right from a jury verdict awarding plaintiff $12,796.80 in an action for conversion.

On March 24, 1965, plaintiff entered into a Tire Mileage Agreement with Ray Fruehauf, Inc. Under the terms of the agreement, plaintiff purchased all of the tires on Fruehauf's vehicles and leased the tires back to Fruehauf. The agreement further provided that plaintiff would thereafter be in charge of repairing, maintaining, and replacing the tires as the need arose.

Plaintiff did not record its interest in the tires, file any security interest, or cause its interest to be indorsed on the certificates of title.

On April 6, 1965, and April 30, 1965, defendant purchased 45 of Fruehauf's tractors and trailers. In a lease-back agreement executed the same day, defendant leased the tractors and trailers back to Fruehauf.

On April 11, 1966, Fruehauf went into bankruptcy. The trustee who had control over the vehicles returned them to the defendant, apparently because the certificate of title showed only the defendant as having any interest therein.

It appears that as a result of the bankruptcy proceedings, plaintiff first learned of the sale of the vehicles by Fruehauf to the defendant. Plaintiff then demanded that the tires be returned, but defendant refused.

Plaintiff then brought this action seeking $17,-897.70 in conversion damages. The jury found for the plaintiff in the amount of $12,796.80.

Defendant contends that it was error for the trial court to deny defendant's motion for a directed ver-

dict at the close of defendant's proofs, or, in the alternative, a judgment notwithstanding the verdict after the jury verdict. It is defendant's position that as a bona fide purchaser of the vehicles, it was also a bona fide purchaser of the tires; and since plaintiff did not record its interest in the tires and further since defendant had no actual notice of the Tire Mileage Agreement, that the court should have found for the defendant as a matter of law.

This court recently held that a car without tires and an engine was not an automobile:

"The term 'automobile' is applied generally to a self-moving vehicle designed to travel on common roads and, specifically, to a wheeled vehicle for use on roads without rails, which carries in itself a mechanical motor as its source of power.

"The body of a car stripped of its engine and wheels is not an 'automobile'. While it might closely resemble an automobile visually, there is no functional similarity because the stripped car does not have wheels and an engine and is, therefore, incapable of 'independent' movement. By definition it is not an 'automobile'."[1]

In our opinion a vehicle consists of an assembly of all of its component parts including tires. It is clear then that if defendant had no actual notice of plaintiff's interest in the tires, then it could not be held liable in an action for conversion. In the ordinary sale of a vehicle, ownership of the tires would pass to the purchaser of the vehicle at the moment title to the vehicle passed to the purchaser.

The first two paragraphs of the sales agreement between Fruehauf and defendant provide:

"[Seller] hereby sells, transfers, bargains, grants, and conveys to Buyer and its assigns, all of its right,

---

[1] *The Travelers Indemnity Company* v. *Duffin* (1970), 28 Mich App 142, 147.

title and interest in and to said motor vehicles and trailers as hereinafter described.

"Seller has the right to sell said vehicles and that said vehicles * * * are unencumbered and free from all liens or security interests whatsoever."

Plaintiff offered no direct proofs to establish that defendant had actual notice of plaintiff's ownership of the tires. They argued, however, that the failure of the sales agreement between Fruehauf and the defendant to specifically include the word "tires" provides inferential evidence of defendant's knowledge that the tires on the vehicles were not owned by Fruehauf.

However, we have just stated that in our opinion title to the tires would pass along with title to the vehicles to the purchaser of the vehicles. Therefore, it was not incumbent upon the defendant to include the word "tires" in its purchase agreement with Fruehauf any more than it would be required to include terms such as "steering wheel" or "engine".

Defendant offered three witnesses all of whom were employees or officers of defendant company and were involved in the transaction with Fruehauf. All of these witnesses testified that they did not know of plaintiff's Tire Mileage Agreement with Fruehauf until after the vehicles had been purchased. In addition, an executive with Fruehauf testified that he did not recall advising the defendant of the Tire Mileage Agreement.

Defendant did check in every possible location for any existing liens or interests in the vehicles and found none. We would also note that the separation of ownership of the tires from the rest of the vehicle is not an ordinary circumstance about which a purchaser would normally inquire.[2]

---

[2] An employee of the plaintiff admitted that a sale and lease-

The burden of proof in regard to notice is on the party asserting it. Since plaintiff did not offer any direct proofs to establish that defendant had actual notice of the Tire Mileage Agreement and we have also held that the failure to include the word "tires" in defendant's purchase agreement with Fruehauf could not operate as evidence that defendant had notice of the Tire Mileage Agreement, there is no evidence upon which the jury could have found that defendant knew that the tires were not owned by Fruehauf. It was therefore error not to have granted the directed verdict.

Reversed.

All concurred.

___

back of tires was very unusual. He also stated that he was probably the only person in the courtroom who had ever heard of such an arrangement.