PEOPLE v JOHNSON

PEOPLE v LOVE

Docket Nos. 58313, 58314. Decided November 23, 1976. On application by the people for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed and remanded for a new trial. Rehearing denied 399 Mich 843.

Rayford Johnson and Cicero Love, Jr., were convicted by a jury in Recorder's Court of Detroit, George W. Crockett, Jr., J., of first-degree murder. The Court of Appeals reversed an order granting a new trial and reinstated the jury verdict, 52 Mich App 385; 217 NW2d 417 (1974). The Supreme Court reversed and remanded for a new trial, 391 Mich 834; 218 NW2d 378 (1974). On remand the people's pretrial motion for disqualification of the trial judge was denied, and the defendants' motions for dismissal were granted because the court did not believe the testimony of certain prosecution witnesses at the first trial. The Court of Appeals, M. F. Cavanagh, P. J., and R. B. Burns and Ziem, JJ., affirmed (Docket Nos. 21929, 21930). The people apply for leave to appeal. *Held:*

The jury is the final judge of the credibility of witnesses and the sufficiency of the evidence unless there is no evidence at all on a material point. The trial court did not have the power to enter an order of dismissal because he disbelieved testimony presented by the prosecution at the first trial which had resulted in a verdict of guilty. The people are entitled to another trial.

68 Mich App 54; 242 NW2d 35 (1976) reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Research, Training and Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*William B. Daniel* for defendant Johnson.

*Sheldon Halpern* and *Neal Bush* for defendant Love.

PER CURIAM. This case presents the question whether a trial judge has the power to dismiss a case because he disbelieves witnesses. After a guilty verdict against defendants Johnson and Love had been returned by the jury, the judge granted a new trial because he did not believe the testimony of crucial prosecution witnesses. Our earlier order in this case recognizes that a trial judge may grant a new trial because he disbelieves the testimony of witnesses for the prevailing party. A trial judge may grant a new trial when " * * * justice has not been done * * * ." MCLA 770.1; MSA 28.1098. 391 Mich 834; 218 NW2d 378 (1974).

Following a remand for new trial, the judge granted motions to dismiss by both defendants. In affirming, the Court of Appeals held that dismissal without a new trial was proper because otherwise there could be an endless number of retrials following successive grants of motions for new trial. The Court reasoned that if it cannot prevent a retrial, it cannot prevent a dismissal. 68 Mich App 54; 242 NW2d 35 (1976). We disagree.

The issue presented in a motion to dismiss is whether sufficient evidence has been produced to support a conviction. In this case, there is more than sufficient evidence to convict the defendants of first-degree murder. As the trier of fact, the jury is the final judge of credibility. *People v Dobine,* 371 Mich 593, 598; 124 NW2d 795 (1963). The question of the sufficiency of the evidence is one for the jury unless there is no evidence at all upon a material point. *People v Abernathy,* 253 Mich 583, 587; 235 NW 261 (1931). The people are entitled to another trial pursuant to the judge's

order granting a new trial and our order of May 23, 1974, confirming his power to enter that order.

In lieu of leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the judgment of the Court of Appeals and remand to Recorder's Court for trial.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, LINDEMER, and RYAN, JJ., concurred.