PEOPLE v HERBERT

Docket No. 93441. Decided December 21, 1993. On application by the
defendant for reconsideration of denial of leave to appeal, the
Supreme Court granted reconsideration, and, in lieu of grant-
ing leave, vacated the judgments of the Court of Appeals and
the circuit court, and remanded the case to the circuit court for
reconsideration of the motion for new trial.

William G. Herbert was convicted by a jury in the Oakland
Circuit Court of seven counts of taking money by false pre-
tenses, seven counts of embezzlement, and seven counts of
conspiracy. The court, James S. Thorburn, J., directed a verdict
of acquittal, finding that on the basis of the testimony a
reasonable person could not conclude that all the elements of
the crimes charged had been established beyond a reasonable
doubt. Judge Thorburn then left office and was replaced by
Judge Edward Sosnick. The prosecutor sought superintending
control, to overturn Judge Thorburn's decision. The Court of
Appeals, McDONALD, P.J., and MURPHY and D. E. HOLBROOK,
JR., JJ., ordered dismissal of the complaint for want of jurisdic-
tion on the ground that Judge Thorburn had merely issued an
opinion, but had never entered an order (Docket No. 115036).
Judge Sosnick subsequently granted reconsideration and re-
instated the jury verdict, ruling that the motion for directed
verdict should have been denied because the evidence, viewed
in the light most favorable to the prosecution, was sufficient to
support a finding of guilt. He later denied the defendant's
motion for a new trial. The Court of Appeals, CAVANAGH, P.J.,
and D. E. HOLBROOK, JR., and CYNAR, JJ., affirmed in an unpub-
lished opinion per curiam, finding that Judge Sosnick was not
obliged to enter an order granting a directed verdict, that
Judge Thorburn's finding had not been supported by the record,
and that, in denying the motion for a new trial, Judge Sosnick
had not erred in refusing to determine the credibility of wit-
nesses whom the jury had decided to believe (Docket No.
124552). The Supreme Court denied leave to appeal, 441 Mich
901 (1992). The defendant seeks reconsideration.

In an opinion per curiam, signed by Chief Justice CAVANAGH,
and Justices LEVIN, GRIFFIN, and MALLETT, the Supreme Court
*held:*

In deciding a motion for a directed verdict of acquittal, a trial

judge may not set aside a jury's verdict on the ground that prosecution witnesses, whom the jury chose to believe, were not credible. However, in deciding a motion for new trial, a judge may evaluate the credibility of witnesses.

1. A successor judge is authorized to enter whatever order a predecessor could have entered, had the predecessor continued to preside.

2. The standard for determining whether a motion for directed verdict should be granted is whether, viewed in the light most favorable to the prosecution, the evidence is sufficient to permit a rational trier of fact to find the essential elements of the crime charged to be proven beyond a reasonable doubt. A weighing of proofs or a determination whether testimony favorable to the prosecution is to be believed must be resolved in favor of the prosecution. Thus, it is not permissible for a trial court to determine the credibility of witnesses in deciding a motion for a directed verdict of acquittal. To the extent that Judge Thorburn's opinion granting a directed verdict was premised upon such an evaluation, it was error. Viewed in the light most favorable to the prosecution, reasonable jurors could have found the defendant guilty beyond a reasonable doubt. Judge Sosnick did not err in subsequently denying a directed verdict of acquittal.

3. A new trial may be granted where the verdict is against the great weight of the evidence or to prevent an injustice. In a jury trial, the task of determining the credibility of witnesses is for the jurors, not the trial judge. However, in determining whether a verdict is against the great weight of the evidence, a judge necessarily reviews the whole body of proofs. Thus, a trial judge may grant a new trial after finding the testimony of witnesses for the prevailing party not to be credible.

4. The standard for appellate review of a motion for new trial is whether the judge committed an abuse of discretion. In this case, Judge Sosnick's exercise of discretion was hindered by the erroneous conclusion that it was improper to consider the credibility of witnesses, requiring vacation of the judgments of the Court of Appeals and the circuit court and remand for reconsideration of the motion for a new trial.

Vacated and remanded.

Justice BOYLE, joined by Justice BRICKLEY, dissenting, stated that this case is not appropriate for peremptory disposition. Whether a trial judge may sit as a thirteenth juror, overruling the credibility determinations of the other twelve, and the standard by which a successor judge is to evaluate motions for new trial on the basis of credibility are matters of major

significance to the state's jurisprudence that should not be decided without benefit of oral argument and full briefing. In addition, the remand for an evaluation of credibility—something the successor judge cannot do—without guidance regarding how credibility is to be evaluated, leaves the trial court and the parties with the unenviable prospect of successive appeals addressing that question.

Justice RILEY took no part in the decision of this case.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Neil H. Fink; Bell & Gardner, P.C.,* of counsel (by *Samuel C. Gardner*), for the defendant.

PER CURIAM. In this case, the circuit court and the Court of Appeals held that a trial judge may not set aside a jury's verdict on the ground that prosecution witnesses, whom the jury chose to believe, were not credible. We agree with regard to a motion for directed verdict of acquittal. However, we hold that, in the course of deciding a motion for new trial, a judge may evaluate the credibility of the witnesses. We therefore vacate the judgments of the Court of Appeals and the circuit court, and remand this case to the circuit court for further proceedings in conformance with this opinion.

I

This case arises from an alleged conspiracy to steal money from a company called Diversified Technologies, of which the defendant was the chief

executive officer. According to Gerald Reeves,[1] the chief financial officer of Diversified, he and the defendant arranged for Diversified checks to be issued for work that was never performed. The stolen money was to be used to fund the Tixon Company, of which defendant was president and principal owner. The goal was to enhance Tixon's financial position, so that it would be positioned to obtain a contract to process the City of Detroit's parking tickets.

The defendant was tried on seven counts of taking money by false pretenses,[2] seven counts of embezzlement,[3] and seven counts of conspiracy.[4] The jury trial took place in the courtroom of Oakland Circuit Judge James S. Thorburn.

During trial, the defendant moved for a directed verdict, but Judge Thorburn deferred his ruling. When the jury returned a verdict finding the defendant guilty on all counts, the defendant renewed his motion.

About a month later, Judge Thorburn issued a seven-page written opinion, in which he granted the defendant a directed verdict of acquittal on all counts. Judge Thorburn called Mr. Reeves "a man to whom the truth is foreign," and said that he had offered "wholly incredible, untrustworthy and inherently unreliable" testimony that "could not possibly justify a reasonable person in concluding that all the elements of the charges pending against William Herbert were established beyond a reasonable doubt." The testimony of another prosecution witness was characterized as "absolutely incredible and unbelievable."

---

[1] Mr. Reeves testified against the defendant, pursuant to an agreement with the prosecutor.

[2] MCL 750.218; MSA 28.415.

[3] MCL 750.174; MSA 28.371.

[4] MCL 750.157a; MSA 28.354(1).

Several days after issuing this opinion, Judge
Thorburn completed his term of office. He left
without entering an order to confirm the decision
stated in his opinion. His elected replacement,
Oakland Circuit Judge Edward Sosnick, took office
January 1, 1989.

In early 1989, the prosecutor filed a complaint
for superintending control in the Court of Appeals,
seeking to overturn Judge Thorburn's decision.
However, the Court of Appeals dismissed the com-
plaint for lack of jurisdiction, on the ground that
Judge Thorburn had simply issued an opinion, and
had never entered an order.[5]

The parties then filed a variety of motions in
Oakland Circuit Court. The prosecutor sought an
order granting reconsideration of Judge Thor-
burn's opinion, and an order calling for the imposi-
tion of sentence. The defendant moved for entry of
an order of directed verdict in accordance with
Judge Thorburn's opinion. The defendant also
moved for a new trial.[6]

Judge Sosnick granted reconsideration and re-
instated the jury's verdict. He ruled that the mo-
tion for directed verdict should have been denied
because the evidence, viewed in the light most
favorable to the prosecution, was sufficient to sup-
port a finding of guilt.

Judge Sosnick later denied the defendant's mo-
tion for a new trial. In his September 1989 ruling,
he discussed earlier appellate decisions concerning
whether a judge may overturn a jury's determina-
tion with regard to credibility. He then stated:

---

[5] *Oakland Co Prosecutor v Oakland Circuit Judge,* unpublished
order of the Court of Appeals, entered March 28, 1989 (Docket No.
115036).

[6] Another defense motion requested that Judge Thorburn be tempo-
rarily appointed to complete the proceedings in this matter. That
motion was denied.

Thus, consistent with the above line of cases, this Court wishes to stress to both parties that it did not pass upon the credibility of the witnesses when it reached its decision to deny defendant's motion. Rather, the credibility of the witnesses was left to the jury and the jury decided. This Court does not find that the verdict was perverse or that justice has not been done.

Judge Sosnick sentenced the defendant to a term of probation. The conditions of probation included payment of a fine, performance of community service, and a period of incarceration in the county jail.

The defendant appealed. Among his issues was a claim that Judge Sosnick had erred in refusing to enter an order consistent with Judge Thorburn's opinion. The defendant also urged the Court of Appeals to find that Judge Sosnick had erred in failing to grant a new trial.

The Court of Appeals affirmed.[7] It found that Judge Sosnick was not obliged to enter an order granting a directed verdict and that Judge Thorburn's findings had been unsupported by the record. Concerning the denial of the motion for new trial, the Court of Appeals said that Judge Sosnick had not erred in his refusal to determine the credibility of witnesses whom the jury had decided to believe.

The defendant sought leave to appeal in this Court, but leave was denied. 441 Mich 901 (1992). The defendant now moves for reconsideration.

II

It must first be said that Judge Sosnick, as successor to Judge Thorburn, had the authority to

[7] Unpublished opinion per curiam of the Court of Appeals, decided February 24, 1992 (Docket No. 124552).

enter whatever orders Judge Thorburn could have entered, had he continued to preside in this case. MCR 2.613(B) provides:

A judgment or order may be set aside or va-·cated, and a proceeding under a judgment or order may be stayed, only by the judge who entered the judgment or order, unless that judge is absent or unable to act. If the judge who entered the judgment or order is absent or unable to act, an order vacating or setting aside the judgment or order or staying proceedings under the judgment or order may be entered by a judge otherwise empowered to rule in the matter.[8]

In this respect, the present case is nearly identical to *Harry v Fairlane Club Properties, Ltd,* 126 Mich App 122; 337 NW2d 2 (1983). There, after hearing the verdict, the plaintiffs moved immediately for a mistrial. Wayne Circuit Judge Horace W. Gilmore concluded in a written opinion that the plaintiffs were entitled to a new trial. However, he did not enter an order.

Several days later, Judge Gilmore resigned to accept an appointment to the United States District Court for the Eastern District of Michigan. The *Harry* case was then assigned to Wayne Circuit Judge Patrick J. Duggan, who granted rehearing and denied the plaintiffs' motion for new trial. The Court of Appeals affirmed.

Here, Judge Sosnick became the presiding judge in this matter upon taking office as Judge Thorburn's elected successor. Judge Thorburn, having left office, ceased to be available to hear this matter. Judge Sosnick therefore had full authority to reconsider Judge Thorburn's earlier rulings.[9]

---

[8] See also MCR 6.440, which took effect October 1, 1989 (432 Mich ccii).

[9] As in *Harry,* the action of the successor judge was not technically

III

It is clear from this record that the defendant made two separate motions. His midtrial motion, renewed immediately after the jury returned its verdict, was a motion for directed verdict. Judge Thorburn's written opinion dealt solely with that motion. Only later did the defendant move for a new trial.

In *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979), cert den 449 US 885 (1980), the trial court responded to a motion for directed verdict by ordering a new trial. 407 Mich 369, 374. Sorting out the procedural history and appellate issues of the case, this Court, in a split opinion, adopted a new standard for determining whether a motion for directed verdict should be granted. 407 Mich 368, 377.

Under *Hampton,* the test is not simply whether there is any evidence to support the prosecutor's position regarding each element of the offense. Rather the question is whether, viewed in the light most favorable to the prosecution, the evidence is sufficient to permit a rational trier of fact to find the essential elements of the crime to be proven beyond a reasonable doubt.[10] 407 Mich 368, 377.

The *Hampton* standard remains the test for determining whether there is sufficient evidence to support a conviction. *People v Wolfe,* 440 Mich

reconsideration, since the original judge had entered no order. However, the effect was to reconsider the earlier ruling.

[10] Thus this Court specifically disapproved its prior statement that a trial judge should direct a verdict only where there is no evidence at all regarding an element of the offense. *People v Johnson,* 397 Mich 686, 687; 246 NW2d 836 (1976). *Hampton,* 407 Mich 368, 381, n 3.

508, 513-516; 489 NW2d 748 (1992).[11] Inherent in
the task of considering the proofs in the light most
favorable to the prosecution is the necessity to
avoid a weighing of the proofs or a determination
whether testimony favorable to the prosecution is
to be believed. All such concerns are to be resolved
in favor of the prosecution. 440 Mich 514-515.

It is thus not permissible for a trial court to
determine the credibility of the witnesses in the
course of deciding a motion for directed verdict of
acquittal. To the extent that Judge Thorburn's
opinion granting a directed verdict was premised
upon such an evaluation of the credibility of the
prosecution witnesses, it was error.

The defendant asks that we reverse Judge Sos-
nick's denial of the motion for a directed verdict.
Our review of the record satisfies us that, viewed
in the light most favorable to the prosecution,
there was ample evidence of guilt. Reasonable
jurors could have found the defendant guilty be-
yond a reasonable doubt. Therefore Judge Sosnick
did not err when he denied the motion for a
directed verdict of acquittal.

IV

As indicated above, the defendant also filed a
motion for new trial, which was denied by Judge
Sosnick. In rendering his opinion on that motion,
Judge Sosnick stated that he was not evaluating
the credibility of the witnesses.

---

[11] See also *People v Murphy,* 416 Mich 453, 456; 331 NW2d 152
(1982); *People v Whitfield,* 425 Mich 116, 134; 388 NW2d 206 (1986);
*People v Patterson,* 428 Mich 502, 524-525; 410 NW2d 733 (1987).
MCR 6.419, effective October 1, 1989 (432 Mich ccii), provides that on
proper motion by the defendant, a verdict of acquittal must be
directed where "the evidence is insufficient to support conviction."
The "note" that accompanies the rule says that the standard for
determining sufficiency of the evidence "is constitutional and it is
therefore left to case law. See *People v Hampton,* 407 Mich 354
(1979)."

The standard for determining whether to grant a motion for new trial is not the same as the rule stated in *Hampton* for deciding a motion for directed verdict of acquittal. For example, a new trial may be granted where the verdict is against the great weight of the evidence. 407 Mich 375, 380. Likewise, a new trial may be granted to prevent an injustice.[12]

In a variety of factual and procedural settings, this Court has stated that, in a jury trial, the task of determining the credibility of witnesses is for the jurors, not the trial judge.[13] Yet, standing alone, that maxim cannot fully capture the difficult role of a trial judge when faced with a motion for new trial. To determine whether a verdict is against the great weight of the evidence, or has worked an injustice, a judge necessarily reviews the whole body of proofs.[14] Thus Justice COOLEY

[12] MCR 6.431, which also took effect October 1, 1989, provides in subrule (B) that a new trial may be granted if the court "believes that the verdict has resulted in a miscarriage of justice." Compare MCL 770.1; MSA 28.1098, which states that a new trial may be granted "when it appears to the court that justice has not been done." The "note" accompanying the rule states that MCR 6.431(B) "substantially modifies the statutory standards for granting a new trial set forth in MCL 770.1; MSA 28.1098 and applied by the courts. See *People v Hampton,* 407 Mich 354, 372-373 (1979)," though "[w]hat substantive difference, if any, exists between the new standard and the former standard is left to be addressed by case law." We do not reach that question today.

[13] See, for example, *Rossien v Berry,* 305 Mich 693, 701; 9 NW2d 895 (1943); *Bridwell v Segel,* 362 Mich 102, 106; 106 NW2d 386 (1960); *People v Dobine,* 371 Mich 593, 598; 124 NW2d 795 (1963); *Sloan v Kramer-Orloff Co,* 371 Mich 403, 410, 412; 124 NW2d 255 (1963) (opinion of O'HARA, J.); *Kalamazoo Co Rd Comm'rs v Bera,* 373 Mich 310, 314; 129 NW2d 427 (1964); *People v Mosden,* 381 Mich 506, 510; 164 NW2d 26 (1969); *People v Jackson,* 390 Mich 621, 625, n 2; 212 NW2d 918 (1973); *People v Palmer,* 392 Mich 370, 375-376; 220 NW2d 393 (1974). In *Bera,* this Court adopted the rule stated by Justice O'HARA in *Sloan.*

[14] Here, contrast the judge's role in deciding a motion for directed verdict, which requires that the proofs be considered in the light most favorable to the prosecution. See *Arrington v Detroit Osteopathic Hosp Corp (On Remand),* 196 Mich App 544, 551-555; 493 NW2d 492 (1992).

explained in *Woodin v Durfee,* 46 Mich 424, 427; 9 NW 457 (1881), that, while jurors "may disbelieve the most positive evidence, even when it stands uncontradicted; and the judge cannot take from them their right of judgment," the judge may set aside "a perverse verdict" and grant a new trial.

In accordance with these principles, we stated in *People v Johnson,* 397 Mich 686, 687; 246 NW2d 836 (1976), that "a trial judge may grant a new trial because he disbelieves the testimony of witnesses for the prevailing party."[15] Accord *Hampton,* 407 Mich 380 (opinion of RYAN, J.).

When a trial court grants a new trial on the ground that the prosecution's witnesses lack credibility, it is finding, in effect, that the verdict is against the great weight of the evidence. In this regard Judge Frank's concurring opinion in *Dyer v MacDougall,* 201 F2d 265, 271-272 (CA 2, 1952), is instructive:

> [A] motion for new trial may invoke "the exercise of the trial court's discretion, such as that the verdict is inadequate or excessive, or that the verdict is against the weight of the evidence. In reference to this latter matter this function of the motion for a new trial must be sharply distinguished from the motion for a directed verdict." A "verdict may be set aside as contrary to the preponderance of the evidence, although a directed verdict is not justified."
>
> On a motion for new trial, the judge acts "as the thirteenth juror," *i.e.,* he evaluates the credibility of the orally-testifying witnesses and therefore their demeanor. But on a motion for a directed verdict he does not.

---

[15] We also stated in *Johnson* that "the jury is the final judge of credibility." 397 Mich 687. Taken as a whole, the terse opinion in *Johnson* stands primarily for the rule that a judge may not dismiss a criminal charge on a ground for which the proper remedy is a new trial.

That a judicial determination regarding the weight of the evidence can be the basis for a new trial, not a directed verdict of acquittal, has been clearly stated by this Court, as well. *Hampton,* 407 Mich 380-381 (opinion of RYAN, J.); *People v Pearson,* 404 Mich 698, 748; 273 NW2d 856 (1979) (opinion of LEVIN, J.).

We thus reaffirm our statement in *Johnson* that a judge may grant a new trial after finding the testimony of witnesses for the prevailing party not to be credible. We caution, however, that this exercise of judicial power is to be undertaken with great caution, mindful of the special role accorded jurors under our constitutional system of justice.

V

Ordinarily, the standard for appellate review of a trial judge's decision regarding a motion for new trial is whether the judge committed an abuse of discretion.

> The grant or denial of a motion for new trial on the ground that the verdict is against the great weight of the evidence rests within the sound discretion of the trial court, and the exercise of that discretion will not be disturbed on appeal unless a clear abuse is shown. [*Bosak v Hutchinson,* 422 Mich 712, 737; 375 NW2d 333 (1985). Citations omitted.]

In this instance, Judge Sosnick's exercise of discretion was hindered by the erroneous conclusion that it was improper to consider the credibility of the witnesses. It is necessary that the motion for new trial be reconsidered, with due consideration given to the question whether the prosecution witnesses were credible.

We therefore grant reconsideration of the appli-

cation for leave to appeal, vacate the judgments of the Court of Appeals and the circuit court, and remand this case to the circuit court for reconsideration of the motion for new trial in accordance with the principles stated in this opinion.[16] MCR 7.302(F)(1).[17]

CAVANAGH, C.J., and LEVIN, GRIFFIN, and MALLETT, JJ., concurred.

BOYLE, J. I dissent because this is not an appropriate case for peremptory disposition. I would grant or deny leave to appeal.

The successor judge stated that he did not find "that the verdict was perverse or that justice ha[d] not been done." The Court of Appeals found that documentary evidence supported the witnesses' testimony. The Court of Appeals also observed that a new trial may be granted if the verdict was against the great weight of the evidence, or if the verdict resulted in a miscarriage of justice. The Court stated that the test of the great weight of evidence is whether the verdict is against the overwhelming weight of evidence, and concluded that the successor judge was not required to weigh credibility because "there [was] conflicting evidence [and] the question of credibility [was] for the factfinder." Unpublished opinion per curiam of the Court of Appeals, decided February 24, 1992

---

[16] Earlier, we held that Judge Sosnick had full *authority* to reconsider Judge Thorburn's earlier rulings. In considering the motion for new trial on remand, however, Judge Sosnick will need to determine initially whether he is able to make a factual ruling on the credibility of witnesses whose testimony he did not observe or hear. We offer no opinion regarding whether he can decide the motion for new trial on the basis of the entire record, including the extent to which the testimony of the witnesses was corroborated by other witnesses and by the documentary evidence, or whether he should grant a new trial as a substitute judge may do under MCR 2.630 and MCR 6.440(C).

[17] We have considered the other issue raised by the defendant, but we are not persuaded that relief should be granted.

(Docket No. 124552), slip op, p 2. These statements are consistent with a long line of prior authority.

Today's per curiam opinion announces a rule of judicial oversight of the credibility of decisions of trial court juries and remands for a determination by the successor judge of the credibility of the witnesses.

In *People v Johnson,* 397 Mich 686, 687; 246 NW2d 836 (1976), this Court observed that "[a]s the trier of fact, the jury is the final judge of credibility." Unfortunately, however, the opinion in *Johnson* (hereafter *Johnson II*) and an earlier order from this Court (*People v Johnson,* 391 Mich 834 [1974]) contain language that intimates judicial oversight of the credibility decisions of trial court juries. The Court of Appeals opinion in the case resulting in the first order of this Court in *Johnson, People v Johnson,* 52 Mich App 385; 217 NW2d 417 (1974), was based on a finding of injustice. The order of reversal relied on the dissenting opinion in *Sloan v Kramer-Orloff Co,* 371 Mich 403, 410-412; 124 NW2d 255 (1963). The issue in *Johnson II* was the standard for dismissal of charges. Therefore, the discussion in the opinion in *Johnson* regarding credibility oversight was dicta.

Thus, the rule announced in today's opinion, without benefit of oral argument and full briefing, is one that is new to Michigan's jurisprudence. In my judgment, it is singularly inappropriate to adopt a thirteenth juror rule by per curiam opinion.

Additionally, the opinion remands for an evaluation of credibility—something that the successor judge clearly cannot do. Thus, without any guidance from this Court regarding how credibility is to be evaluated, see *Carbo v United States,* 314 F2d 718 (CA 9, 1963), which the opinion expressly declines to do, *ante,* p 478, n 16, the court and the

parties are left with the unenviable prospect of successive appeals addressing the question.

The question whether a trial judge may sit as the thirteenth juror, overruling the credibility determinations of the other twelve, and the standard by which a successor judge is to evaluate motions for new trial on the basis of credibility are matters of major significance to the state's jurisprudence. I would grant or deny leave to appeal.

Brickley, J., concurred with Boyle, J.

Riley, J., took no part in the decision of this case.