# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROGER DALE FELTON,

        Defendant-Appellant.

UNPUBLISHED
April 20, 2017

No. 330447
Wayne Circuit Court
LC No. 15-004802-01-FH

Before: SAWYER, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of possession of a firearm by a person convicted of a felony (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b. The trial court sentenced defendant, as a fourth habitual offender, MCL 769.12, to 6 months to 10 years' imprisonment for his felon-in-possession conviction, and five years' imprisonment for the felony-firearm, second offense, conviction. We affirm.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant contends that the prosecution failed to present sufficient evidence at trial to prove beyond a reasonable doubt his convictions of felon-in-possession and felony-firearm. We disagree.

A defendant's challenge to the sufficiency of the evidence is reviewed de novo on appeal. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). "When ascertaining whether sufficient evidence was presented in a bench trial to support a conviction, this Court must review the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *People v Kanaan*, 278 Mich App 594, 618; 751 NW2d 57 (2008) (citation omitted). "Circumstantial evidence and reasonable inferences arising therefrom may be used to prove the elements of a crime." *People v Brantley*, 296 Mich App 546, 550; 823 NW2d 290 (2012). "All conflicts in the evidence must be resolved in favor of the prosecution." *Kanaan*, 278 Mich App at 619. Furthermore, we "will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012) (citation omitted).

## A. FELON-IN-POSSESSION

In order to prove felon-in-possession, the prosecution must establish that the defendant possessed a firearm while ineligible to do so under MCL 750.224f as a result of a prior felony conviction. MCL 750.224f; see also *People v Perkins*, 262 Mich App 267, 269-270; 686 NW2d 237 (2004), abrogated in part on other grounds by *People v Smith-Anthony*, 494 Mich 669 (2013). Possession of a firearm "may be actual or constructive and may be proved by circumstantial evidence." *People v Burgenmeyer*, 461 Mich 431, 437; 606 NW2d 645 (2000), reh den 461 Mich 1289 (2000). "[A] defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant." *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011).

Sufficient evidence existed for a rational fact-finder to conclude the prosecution proved the elements of felon-in-possession beyond a reasonable doubt. At trial, defendant stipulated that he had been previously convicted of a felony and that he was ineligible to possess a firearm at the time of the incident, leaving the prosecution the sole burden of proving whether defendant actually or constructively possessed a firearm. On appeal, defendant only challenges actual possession due to inconsistencies in Detroit Police Officers Alexander Collrin's and Nico Hurd's testimony and a lack of "physical evidence."

Contrary to defendant's assertion, sufficient circumstantial evidence was presented in order for a rational fact-finder to conclude defendant actually possessed a firearm. Both Collrin and Hurd saw the butt of a rifle hanging 3 to 4 inches below defendant's shirt. Collrin explained that defendant's clothing was "tight fitting" enabling him to clearly see the silhouette or shadow of a rifle under defendant's clothing. Collrin also testified that he was only 2 to 3 seconds behind defendant as he chased him into the home located at 5116 Courville Street and into the kitchen. While in the kitchen, Collrin saw an extended clip drop from the front of defendant's body where Collrin had seen the outline of a rifle under defendant's clothing. Although Hurd was behind Collrin when they chased defendant into the home, he heard the clip drop in the kitchen.

After Collrin and Hurd entered the basement, they found an AK-47 assault rifle in plain view near the basement steps. Defendant was also found hiding in close proximity in the basement. Even more importantly, Collrin and Hurd testified that the size of the recovered rifle was the same size as the bulge they had observed under defendant's clothing and the butt of the gun was the same color as what they had observed when defendant was cradling the rifle. Moreover, the extended clip contained the same ammunition as the ammunition recovered from the rifle. Thus, a rational fact-finder could have concluded that defendant was in actual possession of a firearm based on the circumstantial evidence presented. See *Brantley*, 296 Mich App at 550. Despite slight differences in the officers' testimony, the trial judge found their testimony credible, and we will not interfere with that determination. *Eisen*, 296 Mich App at 331. Therefore, the prosecution presented sufficient evidence to establish the elements of felon-in-possession.

## B. FELONY-FIREARM

To succeed on a felony-firearm charge, the prosecution must prove that "defendant possessed a firearm during the commission of, or in the attempt to commit, a felony." *People v Bosca*, 310 Mich App 1, 22; 871 NW2d 307 (2015) (quotation marks and citation omitted). Possession of a firearm "may be actual or constructive and may be proved by circumstantial evidence." *Burgenmeyer*, 461 Mich at 437.

Sufficient evidence existed for a rational fact-finder to conclude the prosecution proved the elements of felony-firearm beyond a reasonable doubt. As discussed earlier in Part I(A), the prosecution presented sufficient circumstantial evidence for a rational fact-finder to infer that defendant was in possession of a firearm. Furthermore, the predicate offense was felon-in-possession, which is a felony. See MCL 750.224f(5) (providing felon-in-possession is a felony). Accordingly, when viewed in a light most favorable to the prosecution, a rational fact-finder could have concluded that defendant actually possessed a firearm and did so while committing a felony. See *Bosca*, 310 Mich App at 22. Therefore, the prosecution presented sufficient evidence to support the elements of felony-firearm.

## II. GREAT WEIGHT OF THE EVIDENCE

Defendant contends, in the alternative, that the bench trial verdict was against the great weight of the evidence. We disagree.

"An appellate court will review a properly preserved great-weight issue by deciding whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Cameron,* 291 Mich App 599, 617; 806 NW2d 371 (2011) (quotation marks and citation omitted). When reviewing whether a verdict is against the great weight of the evidence, we review the whole body of the proofs. *People v Herbert*, 444 Mich 466, 475; 511 NW2d 654 (1993), overruled in part on other grounds by *People v Lemmon*, 456 Mich 625 (1998). If the verdict is against the great weight of the evidence, a new trial may be granted. MCR 2.611(A)(1)(e).

"When analyzing a great-weight challenge, no court may sit as the '13th juror' and reassess the evidence." *Bosca*, 310 Mich App at 13. A challenge regarding witness credibility is generally an insufficient ground for a new trial unless "testimony contradicts indisputable facts or laws"; the "testimony is patently incredible or defies physical realities"; the "testimony is material and . . . so inherently implausible that it could not be believed by a reasonable juror"; or the "testimony has been seriously impeached and the case is marked by uncertainties and discrepancies." *People v Lemmon,* 456 Mich 625, 643-644; 576 NW2d 129 (1998) (citations and internal quotation marks omitted).

Defendant has failed to demonstrate that the bench trial verdict was against the great weight of the evidence. Again, defendant challenges the element of possession. As discussed in more detail earlier in Part I, Collrin and Hurd clearly saw the outline of a rifle under defendant's clothing and approximately 3 to 4 inches of the butt of the rifle. Collrin saw the extended clip drop from the front of defendant's body where he had seen the outline of a rifle. Collrin and Hurd found an AK-47 assault rifle with the same ammunition as the extended clip. Moreover,

contrary to defendant's argument that he could not be found in possession of the rifle simply because he was in the house, he could have been also considered in constructive possession of the firearm because defendant was found in the basement with the rifle, which was in plain view and in a location that was known and reasonably accessible to defendant. See *Johnson*, 293 Mich App at 83. Given these facts, the evidence did not preponderate so heavily against the verdict that it would be a miscarriage of justice to allow it to stand. *Cameron*, 291 Mich App at 617. Although there were subtle differences between Collrin's and Hurd's testimony such as the color of defendant's pants and where the firearm was sitting at the bottom of the stairs, they gave rather consistent versions of the incident. Thus, their testimony was not "so inherently implausible that it could not be believed by a reasonable [fact-finder]." See *Lemmon*, 456 Mich at 644.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant contends that defense counsel was ineffective for failing to move for a directed verdict of acquittal after the prosecution rested its case. We disagree.

A defendant may preserve a claim of ineffective assistance of counsel for appellate review by making a motion for a new trial or for a *Ginther*[1] hearing in the lower court. *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014). Defendant did not move for a new trial or a *Ginther* hearing in the trial court. Therefore, this issue is unpreserved for appellate review.

An ineffective assistance of counsel claim is a mixed question of fact and constitutional law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). We review a trial court's findings of fact for clear error, and questions of constitutional law de novo. *Id*. "A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made." *Lopez*, 305 Mich App at 693 (citation and quotation marks omitted). When a claim of ineffective assistance of counsel is unpreserved for appellate review, our review is limited to errors apparent on the record. *Id*. "If the record does not contain sufficient detail to support defendant's ineffective assistance claim, then he has effectively waived the issue." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002).

Criminal defendants have a right to effective assistance of counsel under both the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. To prevail on an ineffective assistance of counsel claim, defendant must show: (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012) (citation and quotation marks omitted). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *Eisen*, 296 Mich App at 329 (quotation marks and citation omitted). Additionally, a defendant's burden includes the burden of persuasion in

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

establishing a factual predicate for his claim. *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015).

Defendant fails to establish a factual predicate to support his ineffective assistance of counsel claim. In a bench trial, a defendant may move for a directed verdict of acquittal after the prosecution has rested its case-in-chief. MCR 6.419(D). If a defendant makes such a motion, the trial court assesses the sufficiency of the evidence by looking at the evidence in a light most favorable to the prosecution in order to determine whether a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. *People v Riley (After Remand)*, 468 Mich 135, 139; 659 NW2d 611 (2003).

As discussed earlier in Part I(A) and (B), the prosecution presented sufficient evidence for a rational fact-finder to find the elements of felon-in-possession and felony-firearm. Because sufficient evidence was presented, a motion for directed verdict of acquittal would have been futile. "Trial counsel cannot be faulted for failing to raise an objection or motion that would have been futile." *People v Fonville*, 291 Mich App 363, 384; 804 NW2d 878 (2011). Thus, defense counsel did not render deficient performance by failing to move for a directed verdict of acquittal. Even assuming, *arguendo*, that defense counsel's performance was deficient, defendant is unable to demonstrate prejudice. The trial court would have likely denied such a motion in light of its verdict. Thus, based on the record, there is no indication that the outcome of the proceeding would have been different but for defense counsel's alleged error. See *Vaughn*, 491 Mich at 669. Accordingly, there are no errors apparent on the record to justify defendant's claim of ineffective assistance of counsel. See *Lopez*, 305 Mich App at 693.

## IV. APPOINTMENT OF AN EXPERT

Finally, defendant contends that the trial court abused its discretion when it denied his request for the appointment of an expert in the field of fingerprint analysis and DNA evidence. We disagree.

"This Court reviews a trial court's decision whether to grant an indigent defendant's motion for the appointment of an expert for an abuse of discretion." *People v Tanner*, 469 Mich 437, 442; 671 NW2d 728 (2003), citing MCL 775.15. "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013). That is, a "trial court necessarily abuses its discretion when it makes an error of law." *Id*. at 723. Additionally, "[t]his Court reviews de novo whether defendant suffered a deprivation of his constitutional right to present a defense." *People v Steele*, 283 Mich App 472, 480; 769 NW2d 256 (2009).

MCL 775.15 provides a trial court with the discretion to appoint an expert witness for an indigent defendant upon his or her request. However, a defendant must first show that an expert's testimony is necessary in order to safely proceed to a trial. MCL 775.15. In other words, in order "to obtain appointment of an expert, an indigent defendant must demonstrate a nexus between the facts of the case and the need for an expert." *Tanner*, 469 Mich at 443 (quotation marks omitted). "It is not enough for defendant to show a mere possibility of assistance from the requested expert." *Id*. Thus, a trial court does not abuse its discretion in

denying a defendant's request if there is no indication that the expert testimony would likely benefit the defendant in his defense. *Id*.

The trial court did not abuse its discretion in denying defendant's motion for the appointment of an expert because defendant failed to establish a nexus between the facts of the case and the need for an expert. Defendant argued in the trial court that expert testimony was necessary "to make an objective determination of whether fingerprint and/or DNA evidence linking Defendant to the weapon exists." Thus, defendant sought to use expert testimony as a means to establish he did not possess the recovered AK-47 because the "fingerprint and/or DNA evidence and testimony *could* have a significant impact on the outcome of the trial." However, defendant did not definitively identify how expert testimony would have benefited his case in light of Collrin's and Hurd's testimony.

As the trial court recognized, given the evidence, the introduction of fingerprint evidence or DNA evidence could have potentially hurt defendant's defense rather than strengthen his defense. Even if expert testimony did not hurt defendant's defense, the trial court correctly pointed out that fingerprint and DNA evidence taken from firearms is not always conclusive. Thus, defendant established nothing more than "a mere possibility of assistance from the requested expert," which is insufficient to grant defendant's request for the appointment of an expert. See *Tanner*, 469 Mich at 443. Additionally, defendant's reliance on *People v Leonard*, 224 Mich App 569, 580-581; 569 NW2d 663 (1997), for the proposition that a defendant has a due process right to the appointment of a defense expert, is misplaced. The *Leonard* Court reasoned that it is not a universal rule that an indigent defendant be entitled to an expert for every scientific procedure; rather, a specific showing may be required to demonstrate an expert is necessary. *Id*. at 581. The specific showing necessary here was a nexus between the facts of the case and the need for an expert, which defendant failed to establish. Accordingly, the trial court did not abuse its discretion in denying defendant's request for an expert in the field of fingerprint analysis and DNA evidence, and defendant was not deprived of his due process rights.

Affirmed.

/s/ David H. Sawyer
/s/ Henry William Saad
/s/ Michael J. Riordan